### TOLLAND V. LEBANON.

A certificated pauper removing and residing in the town for which said certificate is given, more than one year without lodging it with the town clerk, gains a settlement by commorancy.

ERROR to reverse a judgment of the County Court, in an action Tolland v. Lebanon; for transporting one Spencer a pauper, with his wife to Tolland, without law and right, etc. damage £20.

· Plea in bar — That on the 8th of December 1783, said Spencer was a legal inhabitant of said town of Tolland, and being about to remove to some other town, applied to and ob-; tained from the civil authority and selectmen of said Tolland, a certificate that he was a legal inhabitant of said Tolland; that sometime after said Spencer came into the town of Lebanon with said certificate, and lodged the same with the town clerk of said Lebanon; in consequence thereof he was permitted to reside in Lebanon as one of the inhabitants of said Tolland, and he being reduced to want, they sent him with his wife back to Tolland, as they had good right to do.

Plaintiffs replied — True, that in A. D. 1783, said Spencer was an inhabitant of Tolland, and that he received a certificate as alleged in the plea in bar; yet they say that he removed and dwelt in the town of Ashford from the date of said certificate, until the 8th of June, A. D. 1785, being more than eighteen months without lodging said certificate with the town clerk of said Ashford, or ever being warned to depart said town, and married a wife there, and on the 8th of June, A. D. 1785, said Spencer and wife, being legal inhabitants of said town of Ashford, removed from thence into the town of Lebanon, and have there resided from said 8th of June, A. D. 1785, to the 23d of December A. D. 1790, without ever being warned to depart said town, until they were removed to said Tolland as aforesaid; of which town they are not legal inhabitants.

Defendants rejoined — That the authority and selectmen of Ashford knew that said Spencer was an inhabitant of said Tolland, and that he had a certificate from the authority and selectmen of said town; and thereupon permitted him to reside in said Ashford the time aforesaid.

The plaintiffs sur-rejoined — That said Spencer resided in said Ashford in no other manner than is set forth in their reply.   Demurrer.

Judgment of the County Court — That the sur-rejoinder of the plaintiffs was insufficient, and for the defendants to recover their cost.

Error assigned generally — That judgment ought to have been, that the sur-rejoinder of the plaintiffs was sufficient.

Judgment of this court — That there is manifest error in the judgment complained of.

The statute is — " That any inhabitant of any town in this state, may for the better support of himself or family, have liberty to remove with his family into any town in this state, and continue there without being liable to be removed; provided such person procure a certificate in writing, under the hands of the civil authority and selectmen of the town from whence he removes, that he is a legal inhabitant in that town, and lodge the same with the clerk of the town to which he removes."

Spencer's being permitted to reside and dwell in said Ashford without lodging his certificate with the town clerk, more than a year, gained him a settlement in said town by commorancy. The certificate from Tolland, at the time he removed to Lebanon, was of no effect to prevent his becoming an inhabitant there, for although it was true at the time when it was given, it was not true at the time when he removed to Lebanon.